IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| NEW AGE DEVELOPMENT GROUP, LLC, *Plaintiff* <br><br> v. <br><br> **JRW SERVICE GROUP LLC**, *Defendant* | CIVIL ACTION <br><br> NO. 23-3676 |
|---|---|

**Baylson, J.**                                                                                          **August 2, 2024**

## MEMORANDUM

### I.     BACKGROUND

Plaintiff New Age Development Group LLC and Defendant JRW Service Group LLC have been suing each other for years. New Age Development contracts with federal agencies to construct and rehabilitate buildings. Between 2015 and 2018, New Age was working on at least two projects—the Philadelphia Naval Business Center ("Navy Project") and the Veterans Affairs Medical Center in Philadelphia ("VA Project"). United States for Use & Benefit of JRW Serv. Grp., LLC v. New Age Dev. Grp., LLC, 2020 WL 1427058, at *1 (E.D. Pa. Feb. 14, 2020), report and recommendation adopted, (E.D. Pa. Mar. 23, 2020), aff'd, 2023 WL 371394 (3d Cir. Jan. 24, 2023) (describing VA Project); JRW Serv. Grp., LLC v. New Age Dev. Grp., LLC, 256 A.3d 13 (Pa. Super. Ct. 2021) (describing Navy Project). In turn, New Age subcontracted with JRW on both the Navy and VA projects to complete plumbing, roof survey and gutter cleaning tasks. JRW Serv. Grp., 256 A.3d at 1; New Age, 2020 WL 1427058, at *1.

Unfortunately, after several years of work together, their relationship soured. On September 20, 2018, JRW sued New Age for breach of contract on the VA Project. New Age,

1

2020 WL 1427058, at *1. Then, on February 14, 2019, JRW filed another lawsuit, alleging New Age breached its Navy Project contract as well. JRW Serv. Grp., 256 A.3d at 2.

When the dust settled, the parties held dueling judgment against each other. The Third Circuit affirmed a $301,476.49 award for New Age against JRW on the VA Project, and the Pennsylvania Superior Court affirmed a $200,389.65 for JRW against New Age on the Navy Project. United States for Use & Benefit of JRW Serv. Grp., LLC v. New Age Dev. Grp. LLC, 2023 WL 371394, at *1 (3d Cir. Jan. 24, 2023); JRW Serv. Grp., 256 A.3d at 2.

But the story continued. On September 21, 2023, New Age filed the instant lawsuit, seeking declaratory judgement that the competing damage awards "set-off," leaving only the net balance of the awards to be fulfilled between the parties. Pl. Compl. ¶¶ 19–28, ECF 1.

When JRW failed to respond to New Age's pleading, New Age moved for default, which this Court granted. ECF 4, ECF 5. Then, on February 22, 2024, JRW, through attorney Gary Thompson, asked for 30-days to answer New Age's Complaint, which this Court allowed. ECF 9, ECF 10. But JRW missed that deadline, and New Age moved for default judgment on April 10, 2024. ECF 14.

On May 6, 2024, this Court held a hearing on New Age's Motion for Default Judgment. At that time, a different attorney, Edward Bigham, appeared for JRW. JRW, through Mr. Bigham, asked the Cour to vacate the default and reopen proceedings. Briefing ensued.

A.   **Party Contentions**

JRW moves to reopen the case based on two main arguments. First, JRW alleges that New Age and JRW are both citizens of Pennsylvania, stripping the action of diversity, and this Court's subject matter jurisdiction. ECF 20, at 4–6. Second, JRW argues that the Pennsylvania Superior

Court already decided that the two judgments at issue do not set-off under Pennsylvania law, preventing New Age from re-litigating the issue now. Id.

New Age responds that JRW's culpable conduct in belatedly responding to the default precludes relief. ECF 21, at 5–6. Moreover, New Age disputes both OF JRW's substantive defenses. Id. at 6–9 New Age accuses JRW of conclusory allegations about its citizenship and that the set-off issue is ripe for federal adjudication. Id.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), a court, when ruling on a motion to set aside a default, "must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985). The "threshold question," which some in-circuit district courts have described as the "most important factor," is whether the defendant has presented a meritorious defense. In re Subramanian, 245 F. App'x. 111, 115 (3d Cir. 2007); Sunoco, Inc. (R & M) v. Glob. Recycling & Demolition, LLC, 300 F.R.D. 253, 256 (E.D. Pa. 2014). That is because decisions on the merits are desirable while defaults "are generally disfavored in our circuit." Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008).

## III.   DISCUSSION

### A.   Setting Aside the Default Would Not Prejudice New Age

New Age only suffers prejudice if its claim, by lifting the default, would be "materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." Dizzley v. Friends Rehab. Program, Inc., 202 F.R.D. 146, 148 (E.D. Pa. 2001) (Kelly, J.) (citing Mike Rosen & Assoc., P.C. v. Omega

3

Builders, Ltd., 940 F. Supp. 115, 118 (E.D. Pa. 1996)). Mere delays in recovery or "potential expenses incurred from litigating the matter on the merits do not constitute the kind of prejudice" envisioned in Rule 55(c). Sunoco, 300 F.R.D. at 256. Applying this framework, New Age has not demonstrated any cognizable prejudice—no loss of evidence, fraud, collusion, or substantial reliance, or otherwise—and this factor weights in favor of setting aside the default.

> **B.    JRW Has Properly Alleged Meritorious Defenses**

A defendant prevails on this prong when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984) (internal quotations and citations omitted). Thus, a defendant must do more than simply recite "the relevant statutory language or a phrase in the Federal Rules of Civil Procedure." Subramanian, 245 F. App'x. at 115 (internal quotations and citations omitted). Instead, the Third Circuit imposes "a more stringent standard which requires that a defendant . . . set forth with some specificity the grounds for his defense." Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988).

JRW has alleged, with sufficient specificity, two meritorious defenses. First, JRW alleges that New Age, through its principal Dexter Lanigan, is a Pennsylvania resident. JRW does more than perfunctorily invoke a diversity defense. In its pleading, JRW lists Mr. Lanigan's alleged Pennsylvania residence and offers circumstantial proof that that JRW is a Pennsylvania-based firm to corroborate its allegation. Of course, without complete diversity of parties, this Court lacks jurisdiction to decide New Age's request for declaratory judgment on set-off, a matter of state law. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671–74 (1950).

Second, JRW also has shown a meritorious defense to the crux of New Age's claim, whether the judgements set-off. The "right to setoff . . . allows entities that owe each other money

4

to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A." Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995). But not all cross-debts can be set-off—the debts must be mutual. Matter of Bevill, Bresler & Schulman Asset Mgmt. Corp., 896 F.2d 54, 59 (3d Cir. 1990). And "[t]o be mutual, the debts must be in the same right and between the same parties, standing in the same capacity." Id. (quoting L. KING, COLLIER ON BANKRUPTCY ¶ 553.04[3] at 553–22 (15th ed. 1979)). Taking judicial notice of the Pennsylvania Superior Court's discussion, it is not at all clear New Age is entitled to set-off in this case. For one, the federal judgment for New Age appears to show that "New Age was joined with an additional defendant, Aegis Security Company," which could affect the mutuality requirement that the debt be between the same parties. JRW Serv. Grp., LLC v. New Age Dev. Grp., LLC, 289 A.3d 48 (Pa. Super. Ct. 2022), appeal denied, 295 A.3d 694 (Pa. 2023). Additionally, JRW may be correct that New Age's twice failed attempt to litigate set-off in the Pennsylvania action, despite full-tilt engagement in that action, precludes the firm from re-litigating it in federal court. See In re Docteroff, 133 F.3d 210, 215 (3d Cir. 1997) (holding that collateral estoppel applied when estopped party had participated in prior litigation extensively and had the opportunity to litigate the issue previously).

Altogether, this second, critical factor strongly favors JRW.

C.    **New Age's Conduct is Minimally Significant**

A defendant's conduct is culpable when "taken willfully or in bad faith." Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 123–24 (3d Cir. 1983). JRW has not provided much explanation for its dilatory behavior. Nonetheless, the procedural history is not so egregious as to outweigh both other factors. JRW failed to initially respond to the Complaint, retained an attorney who indicated he would respond, and then substituted that counsel after its first lawyer missed this

5

Court's deadline. Since Mr. Bigham's retainment, however, JRW has actively participated. All in all, JRW caused roughly six months of delay, which, while material, is not too substantial. This factor slightly weights in favor of New Age.

### IV.    CONCLUSION

Evaluating the factors together, this Court will set aside the default for New Age. JRW must file an answer or other responsive pleadings to New Age's Complaint within fourteen days. An appropriate **ORDER** will follow.