## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NEW AGE DEVELOPMENT GROUP, LLC**, *Plaintiff,* <br><br> v. <br><br> **JRW SERVICE GROUP LLC**, *Defendant.* | **CIVIL ACTION** <br><br> **NO. 23-3676** |

**Baylson, J.**                                                                                   **September 26, 2024**

### MEMORANDUM

Between 2015 and 2018, Plaintiff New Age Development Group LLC ("New Age") subcontracted Defendant JRW Service Group LLC ("JRW") for certain projects.  The parties' relationship soured, resulting in numerous lawsuits that have required copious state and federal judicial resources.  See, e.g., U.S. for Use & Benefit of JRW Serv. Grp., LLC v. New Age Dev. Grp., LLC, 2020 WL 1427058, at *1 (E.D. Pa. Feb. 14, 2020) (Sitarski, M.J.), report and recommendation adopted, (E.D. Pa. Mar. 23, 2020) (Jones, J.), aff'd, 2023 WL 371394 (3d Cir. Jan. 24, 2023); JRW Serv. Grp., LLC v. New Age Dev. Grp., LLC, 2021 WL 1828481 (Pa. Super. Ct. May 7, 2021), rehearing denied (Pa. Super. Ct. July 15, 2021).  This Court will not indulge New Age's attempt to reverse a Pennsylvania state court judgement and add yet another case to the body of litigation between these two parties.

### I.       FACTUAL ALLEGATIONS

The parties currently hold dueling judgments against each other.  The Third Circuit affirmed a $301,476.49 award for New Age against JRW on one project ("New Age Judgment"), and the Pennsylvania Superior Court affirmed a $200,389.65 for JRW against New Age on

another project ("JRW Judgement").  See New Age, 2020 WL 1427058, at *1; JRW Serv. Grp., 2021 WL 1828481 at *2.  The JRW Judgement remains unpaid, ECF 1 ¶ 15, and the New Age Judgement has only been partially satisfied, id. ¶ 7.[1]

After the JRW Judgement, New Age asked the Court of Common Pleas of Chester County (the "trial court") to offset the JRW Judgment with the New Age Judgment.  The trial court granted the setoff, but this result was reversed by the Pennsylvania Superior Court.  See JRW Serv. Grp. v. New Age Dev. Grp., 2022 WL 16707815, at n.3 (Pa. Super. Ct. Nov. 4, 2022), appeal denied, 2023 WL 2766112 (Pa. Apr. 4, 2023).  On September 21, 2023, New Age filed the instant lawsuit pursuant to 28 U.S.C. § 1332 (1) seeking a declaratory judgement that the New Age Judgment sets off the JRW Judgment and (2) claiming a setoff.  ECF 1 ¶¶ 28, 24.

## II.   PROCEDURAL HISTORY

New Age filed the instant case on September 21, 2023.  Id.  On November 16, 2023, New Age requested a default against JRW, which this Court entered.  ECF 5.  On November 28, 2023, individual Jason Winters responded to the Complaint on behalf of JRW.  On January 23, 2024, and February 8, 2024, this Court ordered an attorney to enter an appearance for JRW.  ECF 7, 8. On February 21, 2021, JRW's counsel entered an appearance and filed a motion for continuance until March 22, 2024.  ECF 10.  On April 4, 2024, this Court directed New Age to file a motion for the entry of default judgement, ECF 13, and New Age did so on April 10, 2024, ECF 14.  On May 6, 2024, this Court held a hearing on the default judgment.  On May 17, 2024, JRW filed a motion to set aside the default, ECF 20, which was granted, ECF 24.  On August 16, 2024, JRW

---

[1] To attempt collect on the New Age judgement, on December 17, 2020, New Age sued JRW's owners, Jason and Jamie Winters, in the Chester County Court of Common Pleas ("County Court").  ECF 1 ¶ 8.  The County Court entered judgement against Mr. and Mrs. Winters on February 24, 2021, for $301,476.49.  Id. ¶ 9.  The Winters paid $105,247.24 towards the New Age Judgement, and $196,229.55 remains unpaid.  Id. ¶¶ 10–11.

filed a motion to dismiss New Age's Complaint for lack of jurisdiction and failure to state a claim. ECF 26.

### III.   LEGAL STANDARD

This Court "must grant" a motion to dismiss if the Court "lacks subject-matter jurisdiction to hear [the] claim." In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).  In considering a Rule 12(b)(1) motion, this Court must first determine whether the defendant alleges a facial or factual deficiency. See CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008); Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357–58 (3d Cir. 2014).  A facial attack "concerns 'an alleged pleading deficiency,'" whereas a factual attack concerns "the actual failure of claims to comport [factually] with the jurisdictional prerequisites." CNA, 535 F.3d at 139 (quoting U.S. ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007)).  A facial attack does not "disput[e] the facts alleged in the complaint . . . ." Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016).  On a factual attack, the Court can weigh and "consider evidence outside the pleadings." Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Gotha v. United States, 115 F.3d 176, 178–79 (3d Cir. 1997)).

### IV.   PARTIES' CONTENTIONS

JRW contends that the Complaint must be dismissed because this Court lacks subject matter jurisdiction due to a lack of complete diversity, and asks this Court to analyze its 12(b)(1) motion as factual attack.  ECF 26 at 3–4.  JRW asserts that the only member of New Age is Dexter Lanigan, who lives in Pennsylvania, thereby defeating complete diversity.  Id. at 4.  JRW also contends that New Age fails to state a claim for setoff or because New Age does not prove that the judgements are mutual because it was based on an award from an unrelated contract

dispute, and thus the debts are not mutual and the parties are not the same.  Id. at 3–4.

New Age responds that this Court has diversity jurisdiction because the only member of New Age, Mr. Lanigan, is a citizen of Florida and provides a declaration from him stating this (ECF 28-1).  ECF 28 at 4, ECF 1 ¶¶ 1–4.  New Age asserts that it has stated a claim for setoff and seeks to avoid the absurdity of making New Age pay JRW when JRW also owes New Age. ECF 28 at 5, 6.  New Age asserts that the parties that participated in the underlying litigation are irrelevant to the question of mutuality, and that instead, the parties of the judgement are what matter.  Id. at 6.

## V.    12(b)(1) MOTION

### a.  JRW's 12(b)(1) Motion is a Factual Attack

This Court analyzes JRW's 12(b)(1) motion as a factual attack on subject matter jurisdiction.  JRW's argument that New Age is a citizen of Pennsylvania, ECF 26 at 4, does not "contest[] the sufficiency of the pleadings," In re Schering Plough Corp., 678 F.3d at 243. Rather, JRW "disput[es] the facts alleged in the complaint," Davis, 824 F.3d at 346, and "presents competing facts," Constitution Party, 757 F.3d at 358.  Because JRW makes a factual challenge, New Age has "the burden of proof [to show] that jurisdiction does in fact exist," Davis, 824 F.3d at 346, and this Court will consider evidence outside the Complaint, see Gotha, 115 F.3d at 179.

### b.  New Age Has Established Complete Diversity

District Courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Such jurisdiction requires complete diversity, meaning that "no plaintiff [may] be a citizen of the same state as any

defendant." <u>Zambelli Fireworks Mfg. Co. v. Wood</u>, 592 F.3d 412, 419 (3d Cir. 2010) (citing <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 553 (2005)).  The citizenship of an LLC is determined by the citizenship of its members.  <u>See Lincoln Benefit Life Co. v. AEI Life, LLC</u>, 800 F.3d 99, 104–05 (3d Cir. 2015).  Thus, for complete diversity to exist, "all of the [LLC's] members 'must be diverse from all parties on the opposing side.'"  <u>Id.</u> (quoting <u>Swiger v. Allegheny Energy, Inc.</u>, 540 F.3d 179, 185 (3d Cir. 2008)).  The existence of diversity jurisdiction must be proven by a preponderance of the evidence.  <u>See McCann v. Newman Irrevocable Tr.</u>, 458 F. 3d 281, 290 (3d Cir. 2006).

New Age has provided a Declaration from Dexter Lanigan, the President and sole member of New Age, an LLC.  ECF 28-1.  This declaration is properly considered in JRW's factual attack.  <u>See Gould Elecs. Inc.</u>, 220 F.3d at 176 (citing <u>Gotha</u>, 115 F.3d at 178–79).  Mr. Lanigan's declaration states that he is a Florida resident.  ECF 28-1 ¶¶ 3, 5.  JRW has presented no contrary evidence, but merely made a conclusory allegation that Mr. Lanigan is a citizen of Pennsylvania.  New Age has sufficiently established that Mr. Lanigan is a citizen of Florida, and that complete diversity exists.  This Court denies JRW's 12(b)(1) motion to dismiss.[2]

## VI.    <u>DISMISSAL UNDER THE ROOKER-FELDMAN DOCTRINE</u>

This Court <u>sua sponte</u> raises the <u>Rooker-Feldman</u> doctrine to dismiss this case for lack of subject matter jurisdiction.  <u>See, e.g.</u>, <u>Bass v. New Jersey</u>, 649 F. App'x 255 (3d Cir. 2016) (non-precedential).  The <u>Rooker-Feldman</u> doctrine precludes this Court "from exercising subject matter jurisdiction in an action it would otherwise be empowered to adjudicate under a

---

[2] Generally, "[i]f the defendant . . . mounts a factual challenge [to diversity jurisdiction], the plaintiff is entitled to limited discovery for the purpose of establishing that complete diversity exists."  <u>See Lincoln Benefit Life Co. v. AEI Life, LLC</u>, 800 F.3d 99, 102 (3d Cir. 2015).  JRW, as Defendant, is asserting a challenge based on claims about the citizenship of Plaintiff New Age.  Jurisdictional discovery is not necessary in light of New Age's declaration.  ECF 28-1.

congressional grant of authority." Holton v. Henon, 832 F. App'x 781, 783 (3d Cir. 2020) (non-precedential) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)). Rooker-Feldman operationalizes the "well-settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision." Parkview Assocs. P'ship v. City of Lebanon, 225 F.3d 321, 324 (3d Cir. 2000).

Rooker-Feldman applies where (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the state court judgment was rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010). The second and fourth requirements are vital to this determination. See Cook v. City of Phila., 2019 WL 3233154, at *5 (E.D. Pa. Jul. 18, 2019) (Robreno, J.) (citing Great W. Mining & Mineral Co., 615 F.3d at 166).

### a. New Age Lost in State Court

The first element of Rooker-Feldman—that the federal action is brought by the "state court loser"—is met. New Age litigated its setoff before the Pennsylvania state courts and the Pennsylvania Superior Court reversed the trial court's wrongful grant of setoff. JRW Serv. Grp., 289 A.3d at n.3; see Exxon Mobil Corp., 544 U.S. at 284. This Court finds that New Age is a state court loser for the purposes of Rooker-Feldman.

### b. New Age Complains of Injury Caused by the State Court Order

New Age's claim focuses on the harm caused by the Pennsylvania Superior Court's denial and reversal of setoff. See King v. Burr, 728 F. App'x 83, 85 (3d Cir. 2018) (non-precedential). The source of New Age's purported injury is an order and judgment of a Pennsylvania courts. See Great W. Mining & Mineral Co., 615 F.3d at 166. This Court finds

6

that the second element of <u>Rooker-Feldman</u> is satisfied.

### c.  The State Court Order was Issued Before New Age Filed This Action

The state court order reversing setoff was issued on November 4, 2022, <u>JRW Serv. Grp.</u>, 2022 WL 16707815.  New Age filed this action on September 21, 2023.  ECF 1.  Therefore, the third <u>Rooker-Feldman</u> element—that the state court judgment was rendered before federal proceedings commenced—is satisfied.  See <u>Exxon Mobil Corp.</u>, 544 U.S. at 284.

### d.  New Age Asks this Court to Review and Reject a State Court Judgement

The Superior Court ruled that the setoff secured by New Age was wrongly granted setoff, <u>see JRW Serv. Grp.</u>, 2022 WL 16707815, at n.3.  The fourth element of the <u>Rooker-Feldman</u> doctrine is satisfied because New Age's Complaint essentially asserts that the state court's judgement was wrong, and thus "seeks federal review and rejection of the state court judgment." <u>Great W. Mining & Mineral Co.</u>, 615 F.3d at 166 (quoting <u>Exxon Mobil Corp.</u>, 544 U.S. at 284); <u>see Johnson v. De Grandy</u>, 512 U.S. 997, 1005–06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

## VII.  <u>CONCLUSION</u>

For the reasons stated in this memorandum, this Court hereby **DISMISSES this case with prejudice**.  See <u>N.J. Physicians, Inc. v. President of U.S.</u>, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (noting that a dismissal for lack of subject matter jurisdiction is "by definition without prejudice").  An appropriate **ORDER** follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 23\23-3676 New Age Development v JRW Service\23-3676 Memorandum on Motion to Dismiss.docx

7